IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| DANIEL OSTRANDER, § | |
| Institutional ID No. 01777095, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:21-CV-00059-BU |
| § | |
| BILLYJACK MCCUTCHEN, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff DANIEL OSTRANDER, proceeding pro se and currently incarcerated at the Texas Department of Criminal Justice ("TDCJ") McConnell Unit, brought this lawsuit under 28 U.S.C. § 1983, alleging violations of his constitutional rights at the Robertson Unit. *See* Dkt. No. 1. Because Ostrander is an inmate and brings suit against government officials, his Complaint is subject to screening under 28 U.S.C. § 1915A. The case was transferred to the undersigned to conduct the required preliminary screening. Dkt. No. 9. Ostrander has not consented to proceeding before the undersigned.

Based on the record now before the Court, and for the reasons stated below, the undersigned recommends that Ostrander's complaint be dismissed *sua sponte* without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to obey an order of this Court.

1

I. DISCUSSION AND ANALYSIS

Ostrander's Complaint is over 90 pages and sues 30 TDCJ officials in their official and individual capacities for violations of Ostrander's constitutional rights under the First, Eighth, and Fourteenth Amendments. *See* Dkt. No. 1.

The Order transferring Ostrander's claims to the undersigned for preliminary screening includes authorization to perform all preliminary screening functions necessary in Ostrander's case, including ordering Ostrander to restate his claims. *See* Dkt. Nos. 9, 21; *see also* Miscellaneous Order No. 6 of the Northern District of Texas.

After reviewing Ostrander's Complaint, the undersigned found that it did not comply with Rule 8(a) of the Federal Rules of Civil Procedure—requiring a short and plain statement of claims—and the instructions for completing the Statement of Claim section of the Prisoner's Civil Rights Complaint used by Ostrander in filing this suit. Dkt. No. 21 at1-2. After determining that this failure prevented the Court from screening Ostrander's claims, the undersigned entered a Notice of Deficiency, ordering Ostrander to replead his claims. *See id*. The Notice included instructions on which of his claims had no basis in law and should therefore be excluded. *Id*. at 3.

The undersigned ordered Ostrander to replead no later than January 31, 2022, and when Ostrander failed to meet that deadline, issued an Order to Show Cause. *See* Dkt. Nos. 21, 22.

Shortly after entering the Order to Show Cause, the Court received Ostrander's Motion for Extension of Time, stating that an illness prevented him from complying timely and asking the Court to extend the repleading deadline to February 15, 2022. *See* Dkt.

No. 23. The Court granted the motion and, noting a nine-day delay between the postmark and receipt of his motion, extended the deadline to March 7, 2022, longer than requested to account for any external delays. *See* Dkt. No. 24. At the time of this FCR, Ostrander has not repleaded his claims or moved for another extension.

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties" for failure to prosecute or for failure to comply with the federal rules or any court order. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b), *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)).

Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Dismissal without prejudice under Rule 41(b) is appropriate here. Ostrander's failure to follow the orders of the Court contravenes instructions provided in the Court's previous orders in this case. In the Court's Notice to Pro Se Party (Dkt. No. 2), Notice of Deficiency (Dkt. No. 21), and Order to Show Cause (Dkt. No. 22), Ostrander was

3

admonished that failure to comply with the Court's orders could result in dismissal. Further, the Prisoner's Civil Rights Complaint instructions warns litigants, in all-caps typeface, that failure to briefly and plainly state the facts supporting a claim may cause the complaint to be struck.

And Ostrander is an experienced litigant in federal courts who knows the consequences of failing to follow the Court's orders. He has a long history of dismissed lawsuits that alleged violations of his civil rights, and is barred from proceeding IFP under the three strikes provision of 28 U.S.C. § 1915(g). *See Ostrander v. Turner, et al.*, No. 7:20-cv-009 (N.D. Tex. Sept. 14, 2020) (dismissing for want of prosecution after Ostrander failed to pay the filing fee); *see Ostrander v. Salvador, et al.*, 7:16-cv-00132-O (N.D. Tex. Oct. 27, 2017) (dismissing claims with prejudice for failure to follow the Court's orders); *see Ostrander v. Kosteck*, No. 6:13-cv-158-WSS (W.D. Tex. May 21, 2013) (dismissing case as barred by three strikes); *see also Ostrander v. Dennis*, No. 2:03-cv-347 (May 10, 2004) (same).

Ostrander has failed to respond to the Court's orders, and this case cannot proceed without his compliance. The Court is not required to delay the disposition of this case until such time as Ostrander decide to comply with the Court's orders and rules.

## II. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the District Judge DISMISS *sua sponte* Ostrander's Complaint and all claims therein without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to

obey an order of this Court. *See* Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits, unless otherwise specified").

### III.  RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### VI.  TRANSFER OF CASE

Having completed the preliminary screening of Ostrander's claims under 28 U.S.C. § 1915A, the undersigned ORDERS that this case be TRANSFERRED back to the docket of the United States District Judge and designated as Civil Action No. 1:21-CV-00059-C.

ORDERED this 4th day of April, 2022.

                                                                                        _____

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE